**Electronically Filed
Intermediate Court of Appeals
30268
18-SEP-2013
08:26 AM**

NO. 30268

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARIKK PEREIRA, Applicant-Appellee/Cross-Appellent, v.
AIG HAWAII INSURANCE COMPANY, INC., now known as FARMERS
INSURANCE HAWAII, INC., Respondent-Appellant/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 08-1-0392)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Respondent-Appellant/Cross-Appellee AIG Hawaii
Insurance, Inc., now known as Farmers Insurance Hawaii, Inc.
(AIG), appeals from the order entered on December 11, 2009 in the
Circuit Court of the First Circuit (Circuit Court),[1] which
granted Applicant-Appellee/Cross-Appellant Garikk Pereira's
(Pereira) motion to confirm an arbitration award stemming from an
insurance dispute. In its essence, AIG's argument is that the
arbitrator lacked authority to modify his award after issuing his
initial decision on June 17, 2009. Pereira cross-appeals from
the same order, which denied his application for attorneys' fees.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised, as well as the
relevant statutory and case law, we resolve the parties' points
of error as follows:

---

[1] The Honorable Rhonda A. Nishimura presided.

(1)   An arbitrator can only issue a final award upon the subject matter submitted to the arbitrator's powers.  See Arbitration of Bd. of Dir. of Ass'n of Apartment Owners of Tropicana Manor, 73 Haw. 201, 210-11, 830 P.2d 503, 509 (1992); see also Brennan v. Stewarts' Pharmacies, Ltd., 59 Haw. 207, 222, 579 P.2d 673, 682 (1978) (holding that arbitrators exceeded their authority by construing the meaning of a lease when the only question submitted to their jurisdiction was the fair monthly rental).  Prior to issuing a final award, the doctrine of functus officio does not strip an arbitrator of authority to change the award.  See Wayland Lum Constr., Inc. v. Kaneshige, 90 Hawaiʻi 417, 423, 978 P.2d 855, 861 (1999).

In this case, the arbitrator, Dale Lee (Lee), was charged to determine the extent to which Pereira was entitled to benefits under his underinsured motorist coverage.  While AIG asserts that the covered loss deductible issue was submitted to Lee, it does not cite to any record evidence that demonstrates that Lee was charged to only answer that specific question.  Additionally, AIG fails to directly address Lee's fundamental failure in his initial award to address the top-line issue submitted to his authority: that is, the extent to which Pereira was entitled to benefits under his underinsured motorist coverage.  AIG cites no authorities for the proposition that an arbitrator's award can be a valid exercise of the arbitrator's power when the award simply fails to address the top-line issue submitted to the arbitrator.

AIG correctly points out that Lee's reasoning in the supplemental award does not actually provide a logical explanation for why he changed his mind regarding the applicability of the covered loss deductible provision when answering the extent to which Pereira was entitled to benefits under his underinsured motorist coverage.  When parties voluntarily agree to arbitrate, they assume the hazards of the process, including the risk that the arbitrator might make

2

mistakes in the application of law and in the findings of fact. See Mars Constructors, Inc. v. Tropical Enters., Ltd., 51 Haw. 332, 335-36, 460 P.2d 317, 319 (1969). Ultimately, in the instant case, the question is not whether Lee decided wisely in either his initial or supplemental award but only whether he had the authority to issue either. Lee's initial decision was not a valid exercise of his powers because it addressed the extent to which Pereira was entitled to uninsured motorist benefits, an issue that was not submitted to his jurisdiction. See Tropicana Manor, 73 Haw. at 211, 830 P.2d at 509; see Brennan, 59 Haw. at 222, 579 P.2d at 682. Accordingly, the initial decision was not, in substance, a final decision that divested him of jurisdiction to issue the supplemental award, which did address the issue submitted to his jurisdiction—that is, the extent to which Pereira was entitled to underinsured motorist benefits. Cf. Wayland Lum Constr., 90 Hawai'i at 423, 978 P.2d at 861. Given these factors, Lee's supplemental award was permitted under Hawaii Revised Statutes (HRS) § 658A-20 (Supp. 2012) because Lee had not previously made a final and definite award upon a claim submitted by the parties to the arbitration proceeding.

(2) The structure of Pereira's argument suggests that he believes he is entitled to fees and costs if he can show that he was the prevailing party in a contested judicial proceeding covered by HRS § 658A-25 (Supp. 2012). Pereira provides no case authority holding that the fee-shifting and cost-shifting provisions are meant to be mandatory. Alternatively, Pereira's brief can be read as arguing that AIG's arguments were, as a matter of law, so frivolous so as to make a denial of fees an abuse of discretion. Again, Pereira provides no legal authorities or reasoning for this proposition. Although the court denies AIG's appeal for the reasons discussed above, AIG's position was not so patently frivolous – and, therefore, in contravention of the animating spirit of the statute authorizing the award of attorneys' fees – that it would have been unreasonable for the Circuit Court to deny fees.

3

Finally, Pereira also argues that there is an insufficient record that requires remand. We have remanded a case in which the lower court implicitly denied a request for attorneys' fees but did not place its reasons for the denial in the record. Kemper & Watts, 121 Hawai'i 473, 220 P.3d 1054, No. 28221 2009 WL 5116751, at *2 (App. Dec. 29, 2009) (SDO); see also City & County of Honolulu v. Hsiung, 109 Hawai'i 159, 179, 124 P.3d 434, 454 (2005) ("Generally, judges must 'specify the grounds for awards of attorneys' fees and the amounts awarded with respect to each ground. Without such an explanation, we must vacate and remand awards for redetermination and/or clarification.'") (quoting Price v. AIG Hawai'i Ins. Co., Inc., 107 Hawai'i 106, 113, 111 P.3d 1, 8 (2005)). Here, however, the hearing transcript provides a view as to the reason for the denial--that is, the closeness of the legal question at issue in the contested judicial proceeding. Additionally, to the extent that the Circuit Court's order reflects the draft order submitted by Pereira, it would not be fair to allow him to benefit from his imprecise draftsmanship. See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F.Supp.2d 281, 291-92 (S.D.N.Y. 2000).

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's order entered on December 11, 2009 is affirmed.

DATED: Honolulu, Hawai'i, September 18, 2013.

On the briefs:

James T. Wong,
for Respondent-
Appellant/Cross-Appellee.

Presiding Judge

Dan A. Colon,
Lissa D. Shults, and
Bradley R. Tamm,
for Applicant-Appellee/Cross-
Appellant.

Associate Judge

Associate Judge

4